**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
James C. Shah (SBN 260435)
Jaclyn M. Reinhart (SBN 617322)
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com
           jreinhart@sfmslaw.com

**BUTSCH ROBERTS & ASSOCIATES LLC**
David T. Butsch (#37539MO (to be admitted *pro hac vice*))
Christopher E. Roberts (#61895MO (to be admitted *pro hac vice*))
231 S. Bemiston, Suite 260
Clayton, MO 63105
Telephone: (314) 863-5700
Facsimile: (314) 863-5711
Email: dbutsch@butschroberts.com
           croberts@butschroberts.com

*Attorneys for Plaintiff and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEY DUBACH, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SOR TECHNOLOGY, LLC, <br><br> Defendant. | **CLASS ACTION** <br><br> Case No.: '20CV0636 BAS RBB <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

# CLASS ACTION COMPLAINT

Plaintiff, Kelley DuBach ("DuBach"), individually, and on behalf of all others similarly situated, brings her Complaint against Defendant, SOR Technology, LLC ("SOR Technology"), and states:

## NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE

1. This class action concerns the number one complaint received by the Federal Trade Commission, and most state attorneys general – the receipt of unsolicited telemarketing communications. This case arises from Plaintiff and other persons receiving unsolicited travel-related text messages on their cell phones.

2. DuBach is an individual who, at all times material to the filing of this Complaint, resided in the State of Missouri.

3. DuBach brings this action on behalf of herself and all others similarly situated.

4. SOR Technology is a limited liability company organized and existing under the laws of the State of California.

5. SOR Technology is headquartered in Carlsbad, California.

6. SOR Technology is an online wholesale travel provider whose mission is to "provide affordable travel opportunities."

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, as DuBach's Complaint arises under federal law, the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*.

8. Venue is proper in this Court because the events giving rise to the claims asserted in this Complaint occurred in part in the district encompassed by this Court and because SOR Technology's headquarters is within the district encompassed by this Court.

## BACKGROUND AND FACTS COMMON TO ALL COUNTS

9. SOR Technology markets its products and services, in part, through

text message advertising.

10. SOR Technology directly markets its products and services to persons in the United States through text message advertising.

11. DuBach is the owner of a cell phone and pays the bill for her cell phone account. Her cell phone number is 314-XXX-0815.

12. DuBach has had her cell phone number registered on the National Do Not Call Registry since 2004.

13. DuBach did not provide SOR Technology prior express written consent to send her text message communications. As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that he/she will receive text message advertisements from SOR Technology through an automatic telephone dialing system and informing her that she is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

14. DuBach had no prior business relationship with SOR Technology.

15. On or about January 31, 2020, DuBach received and viewed the following text message on her cell phone from SOR Technology:



16. The website identified in the text message, http://bookings.igo4less.com, identifies a Florida Seller Traveler Number of ST37737.

17. Florida Seller Traveler Number ST37737 is registered to SOR Technology.

18. The website identified in the text message states the contact information for the website operator is 2173 Salk Avenue, Suite 300, Carlsbad, California 92008.

19. The text message sent to DuBach by SOR Technology invaded

DuBach's privacy and was harassing and annoying.

20. Upon information and belief, SOR Technology sent text messages advertising its services *en masse* to the cell phones of DuBach and the putative class members without first obtaining their prior express written consent. Said conduct was harassing and annoying to DuBach and the putative class members.

## **COUNT I**
## **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"),**
## **47 U.S.C. §§ 227, *et seq.***

21. DuBach incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

22. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

23. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

24. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is

Class Action Complaint    5

transmitted to any person." 47 U.S.C. § 227(a)(4).

25. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective Oct. 16, 2013); 47 C.F.R. § 64.1200(a)(2).

26. The term "prior express written consent," as defined by the Code of Federal Regulations, means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

27. The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500 per willful violation. 47 U.S.C. § 227(b)(3).

28. DuBach brings this action pursuant to the provisions of Federal Rule of Civil Procedure Rule 23, individually, and on behalf of a class (the "Class") defined as:

> All persons in the United States who, from four years before the filing of this Complaint to the present, received text messages on their cell phone from SOR Technology and did not provide SOR Technology their prior express written consent to receive such messages.

29. Upon information and belief, SOR Technology used an automatic telephone dialing system to send the text messages at issue to the cell phones of DuBach and the putative Class members. SOR Technology's dialing system stored a list of phone numbers of DuBach and the putative Class members. The numbers were then automatically dialed.

30. Upon information and belief, SOR Technology sent text messages

to the cell phones of DuBach and the putative Class members without first obtaining their prior express written consent.

31. By placing calls to the cell phones, in the form of text messages, to DuBach and the putative Class members without obtaining their prior express written consent, SOR Technology violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l).

32. SOR Technology knew or should have known that DuBach and the putative Class members did not provide their prior express written consent to receive calls on their cell phones.

33. DuBach and the putative Class members are entitled to damages of $500 per call made by SOR Technology and up to $1,500 per call if the Court finds that SOR Technology willfully violated the TCPA.

34. Upon information and belief, there are hundreds, and possibly thousands, of persons in the proposed Class, and the Class is so geographically diverse that joinder of all members is impracticable.

35. DuBach's claims are typical of the Class she seeks to represent. DuBach and the putative Class members were called by SOR Technology through an automatic telephone dialing system and did not provide prior express written consent to be called on their cell phones. DuBach's claims and the claims and the putative Class members' claims are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to DuBach and the putative Class members.

36. There are questions of law and fact common to the Class. Common questions include, but are not limited to:

    a. Whether SOR Technology made phone calls to the cell phones of the members of the putative Class without first obtaining their prior express written consent to receive said calls;

      b.      Whether SOR Technology made phone calls to the cell phones of the putative Class members using an automatic telephone dialing system;

      c.      Whether SOR Technology's conduct violates 47 U.S.C. § 227(b)(l)(A);

      d.      Whether SOR Technology's conduct violates the rules and regulations implementing the TCPA; and

      e.      Whether DuBach and the putative Class members are entitled to increased damages based on the willfulness of SOR Technology's conduct.

37. DuBach will fairly and adequately represent the putative Class members. DuBach has retained counsel experienced in the prosecution of class actions. DuBach is committed to vigorously prosecuting the claims presented in this petition. Neither DuBach nor her counsel have any interests adverse or in conflict with the absent Class members.

38. The questions of law and fact common to the putative Class members predominate over any questions of fact affecting any individual member of the proposed Class.

39. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual Class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for Class members to seek redress individually.

## **DEMAND FOR JUDGMENT**

WHEREFORE Plaintiff, Kelley DuBach, individually, and on behalf of all others similarly situated, requests the Court grant the following relief against Defendant, SOR Technology, LLC:

a. Enter an Order, pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing DuBach as representative of the Class;

b. Enter an Order appointing Butsch Roberts & Associates LLC and Shepherd, Finkelman, Miller & Shah, LLP as counsel for the Class;

c. Enter judgment in favor of DuBach and the putative Class and against SOR Technology for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if SOR Technology willfully violated the TCPA;

d. Award DuBach and the Class all costs and expenses of this action, and requiring SOR Technology to pay the costs and expenses of Class notice and claims administration; and

e. Award DuBach and the Class such further and other relief the Court deems just and appropriate.

Dated:   April 1, 2020            Respectfully submitted,

By: /s/ *James C. Shah*
James C. Shah (SBN 260435)
Jaclyn M. Reinhart (SBN 617322)
SHEPHERD, FINKELMAN, MILLER
   & SHAH, LLP
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com
          jreinhart@sfmslaw.com

David T. Butsch (to be admitted *pro hac vice*)
Christopher E. Roberts (to be admitted *pro hac vice*)
BUTSCH ROBERTS & ASSOCIATES,

LLC
231 S. Bemiston, Suite 260
Clayton, Missouri 63105
Telephone: (314) 863-5700
Facsimile: (314) 863-5711
Email: dbutsch@butschroberts.com
croberts@butschroberts.com

*Attorneys for Plaintiff and the Proposed Class*

Class Action Complaint 10